**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamara Banks, | No. CV-06-2464 PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Express Scripts, Inc., a Delaware corporation, | |
| Defendant. | |

Defendant has filed a motion to dismiss. Dkt. #13. Plaintiff has filed a response and Defendant has filed a reply. Dkt. ##17-18. For the reasons set forth below, the Court will deny the motion.

**I.   Background.**

Plaintiff worked for Defendant, a mail-order pharmacy company, from May 2004 to January 2006. Dkt. #2 ¶ 5. Defendant terminated Plaintiff's employment in January 2006. *Id.* ¶ 28. Plaintiff filed a complaint against Defendant on October 16, 2006, alleging employment discrimination under federal law, wrongful termination under Arizona law, and violation of the Arizona Patient Safety Reporting and Nonretaliatory Policies Act (APSRNPA), codified as Arizona Revised Statutes § 36-450, *et seq. Id.* ¶ 1. Defendant moves to dismiss the APSRNPA claim. Dkt. #13.

**II.   Legal Standard.**

A district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).

1  When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). In addition, the court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). Legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

**III.     Analysis.**

The regulation of health care institutions is governed by Arizona Revised Statutes § 36-401 *et seq.* The APSRNPA, consisting of §§ 36-450 to 36-450.02, was enacted by the Arizona Legislature in 2003. The statute requires "[e]ach health care institution licensed pursuant to [chapter 4 of title 36]" to adopt reporting procedures and a non-retaliation policy for any health professional who makes a report. *See* A.R.S. §§ 36-450.01 to 36-450.02. "Health care institution" is defined as "every place, institution, building or agency, whether organized for profit or not, that provides facilities with medical services, nursing services, health screening services, other health-related services, supervisory care services, personal care services or directed care services and that includes home health agencies as defined in § 36-151 and hospice service agencies." A.R.S. § 36-401(A)(23).

Plaintiff alleges in her complaint that Defendant is a health care institution licensed pursuant to the APSRNPA. Dkt. #2 ¶ 66. Defendant contends that it is not subject to the requirements of the APSRNPA because, as a pharmacy, it is not a "health care institution" that can be licensed under title 36, chapter 4 of the Arizona Revised Statutes or title 9, chapter 10 of the Arizona Administrative Code. Dkt. #14 at 2-5. Defendant also contends that "[n]either [it] nor any other pharmacy in Arizona is licensed or required to [be] license[d] under Chapter 4 of Title 36 of the Arizona Revised Statutes." Dkt. #18 at 3.

The Court must look to the facts of this case to determine if Defendant is a "health care institution" under the Arizona Revised Statutes and the Arizona Administrative Code.

1  Such facts would include the nature of Defendant's operations, other health care institutions
2  licensed by the Department of Health Services, and similar information.  The Court elects
3  not to convert Defendant's motion to dismiss to a motion for summary judgment, *see* Fed.
4  R. Civ. P. 12(b), and therefore will not consider facts outside the pleadings, including those
5  attached as exhibits to Defendant's reply memorandum.[1]

6  Plaintiff has alleged that Defendant is licensed pursuant to § 36-450, *et seq*.  Dkt. ##2
7  ¶ 66.  Taking this allegation as true and construing it in the light most favorable to the non-
8  moving party, the Court concludes that Plaintiff's complaint states a claim upon which relief
9  may be granted.  Defendant's arguments are more appropriately addressed in a motion for
10  summary judgment.[2]

**IT IS ORDERED:**

1.   Defendant's motion to dismiss (Dkt. #13) is **denied**.

DATED this 15th day of December, 2006.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge

---

[1] Defendant supplied two exhibits in its reply listing institutions licensed by the DHS.  *See* Dkt. #18 Ex. D-E.

[2] Plaintiff contends that "[b]ecause Defendant provides health related services . . . it can and should be licensed" as a health care institution pursuant to the Arizona Revised Statutes and the Arizona Administrative Code.  Dkt. #17 at 3.  The DHS is responsible for overseeing the licensing of entities under title 36, chapter 4 of the Arizona Revised Statutes.  *See* A.R.S. §§ 36-422(A), -401(A)(16).  The APSRNPA does not define the term "licensed."  *See* A.R.S. §§ 36-401, -450.  An Arizona Court has addressed this omission and concluded that it is within the DHS director's discretion not to provide licensing of health care institutions in certain circumstances, and that "nothing require[s] the DHS director to provide for the licensure of every facility meeting the statutory definition[] of 'health care institution.'" *People of Faith, Inc. v. Ariz. Dep't of Revenue*, 829 P.2d 330, 338-41 (Ariz. Ct. App. 1992).  Thus, if a court determines that a pharmacy meets the statutory definition of a health care institution, that determination may not be dispositive of the issue of whether such a business must be licensed under title 36, chapter 4 of the Arizona Revised Statutes.